IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| DAVID SPIRES, | ) | CIVIL ACTION NO. 2:14-CV-386-DCN-BM |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **COMPLAINT** |
| THE BOEING COMPANY, | ) | (JURY TRIAL DEMANDED) |
| | ) | |
| Defendant. | ) | |
| | ) | |
| _____ | ) | |

## INTRODUCTION

1. This action is brought under the Age Discrimination in Employment Act (ADEA) and the Americans with Disabilities Act (ADA) because the defendant has intentionally discriminated and retaliated against the plaintiff in violation of both the ADA and the ADEA thereby unlawfully subjecting the plaintiff to adverse employment actions which have proximately caused him injury.

## PARTIES

2. The Plaintiff, David Spires was born November 25, 1945, and is 68 years of age as of the filing of this complaint. At all times material to this complaint, plaintiff has suffered from multiple disabilities. In particular, he has suffered from physical or mental conditions that substantially limit major life activities (such as walking, talking, seeing, hearing, or learning).

3. The Defendant Boeing Company is a corporation which, upon information and belief, is organized under the laws of the State of Delaware. It is, and has been at

1

all times relevant hereto, engaged in an industry affecting commerce, and it does now employ, and has at all times relevant, employed more than 500 employees. Upon information and belief, the Defendant currently employs approximately 169,000 employees.

## JURISDICTION

4. This action arises under Title I of the ADA, 42 U.S.C. Sections 12201, *et seq.,* as amended, and the ADEA, 29 U.S.C. Sections 621, *et seq.*, as amended. Plaintiff has filed a timely charge of discrimination and retaliation under both the ADA and the ADEA with the United States Equal Employment Opportunity Commission (EEOC). The EEOC has issued its Right to Sue Letter, and this complaint is filed within 90 days of the plaintiff's receipt of that letter. In addition, this Court has jurisdiction of the plaintiff's claims of reprisal occurring subsequent to the filing of his charge of discrimination under the authority of *Jones v. Calvert Group, Ltd.*, 551 F.3d 297 (4th Cir. 2009).

## FACTUAL ALLEGATIONS

5. Plaintiff has been employed by the defendant at the defendant's North Charleston, South Carolina, facility since the defendant purchased Global Aeronautica in approximately 2010. During his tenure at the relevant facilities, plaintiff was employed by a predecessor to the Boeing Company as a Field Engineer and helped construct the original factory buildings utilized by the Boeing Company (hereinafter "Boeing") in South Carolina. Immediately prior to his Boeing employment, plaintiff was employed as a facilities manager with Global Aeronautica. When Boeing initially employed the plaintiff, it gave him seniority credit for the entirety of his employment with Global Aeronautica.

6. During all of his employment with the defendant, the plaintiff performed his duties in an exemplary fashion, and his performance earned the approval of each of 4 different managers who supervised him.

7. On or about the Summer of 2012, the plaintiff was assigned to a manager, one Mr. Kramer, who targeted plaintiff for unlawful discrimination on account of plaintiff's age. *Inter alia*, this manager denied the plaintiff appointment to the position managing maintenance contracts in a reorganization. Plaintiff was actually designated for this position on the organizational chart, but the position was given to another person more than 10 years younger than the plaintiff. This other person was less qualified that the plaintiff for the position.

8. The plaintiff was subjected to continuing discriminatory treatment and adverse employment actions by Mr. Kramer who sought to justify his mistreatment of the plaintiff with pretextual reasons. In particular, the plaintiff had previously reported serious misconduct (corruption) on the part of a managerial official at the defendant's facility to the defendant. This prompted an investigation which determined that the plaintiff's reports were correct. In retaliation for plaintiff's report of misconduct, the managerial official who was the subject of plaintiff's report created a document with defamatory comments regarding the plaintiff's performance. After the investigation of plaintiff's reports was concluded, plaintiff had been assured that the defamatory document would be removed from the plaintiff's file as it was without any basis in fact and plainly retaliatory. These matters occurred in 2010.

9. Despite the foregoing, Mr. Kramer made reference to, and attempted to take adverse employment actions on the basis of, the defamatory document.

10. At all times material hereto, Mr. Kramer acted in his capacity as an agent, servant, and employee of the defendant.

11. The plaintiff reported the misconduct of Mr. Kramer to the human resources personnel of the defendant, but no action was taken to protect the plaintiff from Kramer's misconduct.

12. In September of 2012, counsel for the plaintiff placed the defendant on notice of its unlawful treatment of the plaintiff in violation of the ADEA and ADA, the misconduct of Mr. Kramer, and of other material facts related to this matter. Plaintiff's counsel asked that his letter be considered a formal complaint and requested that appropriate action be taken. In response, counsel for the defendant refused to allow counsel for the plaintiff to participate in any internal company process or to communicate directly with the defendant's EEO investigator. Plaintiff's counsel thereafter again wrote defendant's counsel and gave additional detail of the unlawful treatment of the plaintiff by the defendant. The defendant has not replied to that letter. This correspondence is attached as Exhibit One (September 6, 2012, letter of Allan R. Holmes to Melvin Peterson, Director, Susan K. Reed, Human Resource Manager, The Boeing Company); Exhibit Two (September 6, 2012, letter of Chevon Fuller, Senior Counsel, Labor, Employment & Benefits, The Boeing Company, to Allan R. Holmes) and Exhibit Three (September 11, 2012, letter of Allan R. Holmes to Chevon Fuller, Esq.). These Exhibits are incorporated herein by reference.

13. Kramer's misconduct, the failure of the defendant to effectively intervene, and the stress related to his employment greatly exacerbated the plaintiff's disabilities. Defendant failed to reasonably accommodate the plaintiff by removing him from the

supervision of Mr. Kramer, and defendant thereby caused the plaintiff to be unable to continue to work. Plaintiff was placed on leave of absence by the defendant.

14. While being treated for the disabilities exacerbated by the defendant's failure to reasonably accommodate, the plaintiff suffered a severe orthopedic injury which constitutes yet another disability. He has obtained the disability insurance benefits payable under the disability plans sponsored by the defendant.

15. Since obtaining disability insurance benefits, plaintiff's condition has responded to treatment, and he is able to perform his essential job functions. He has presented medical documentation of his ability to perform his essential job functions with reasonable accommodation, and he has repeatedly sought to return to work. As recently as September of 2013, plaintiff provided the defendant with medical documentation of his ability to perform his essential job functions with reasonable accommodation, but the defendant refused to consider that medical documentation.

16. Prior to his leave of absence, plaintiff had held 4 positions. Defendant required the plaintiff to train younger employees of the defendant regarding the performance of those positions, and the defendant has placed those younger employees in the positions which had been held by the plaintiff.

17. Despite the plaintiff's repeated attempts to return to work with reasonable accommodation, the defendant refused to allow the plaintiff to return to work and refused to properly engage in the interactive process required by the ADA. On January 10, 2014, counsel for the plaintiff wrote the letter attached as Exhibit Four to this complaint to counsel for the defendant. Said letter summarizes the mistreatment of the plaintiff by the defendant, and it attached the medical documentation which had been provided in

September of 2013. (This medical documentation is not attached to Exhibit Four herein because of its sensitive nature).

18. Subsequent to this letter, on February 13, 2014, representatives of the defendant conferred with the plaintiff and indicated that there was no position of employment available to which he would be allowed to return.

## FOR A FIRST CAUSE OF ACTION

19. Plaintiff incorporates all prior and subsequent paragraphs of this complaint.

20. The foregoing conduct of the defendant was intentional, malicious, willful, wanton, and reckless, and said conduct constitutes unlawful retaliation and discrimination prohibited by the ADA which has proximately caused actual and punitive damages to the plaintiff together with the loss of wages resulting from his loss of active employment.

## FOR A SECOND CAUSE OF ACTION

21. Plaintiff incorporates all prior and subsequent paragraphs of this complaint.

22. The foregoing conduct of the defendant was intentional, malicious, willful, wanton, and reckless, and said conduct constitutes unlawful retaliation and discrimination prohibited by the ADEA which has proximately caused actual and damages to the plaintiff together with the loss of wages resulting from his loss of active employment. Plaintiff is entitled to an award of liquidated damages under the ADEA.

## JURY TRIAL DEMANDED

23. Plaintiff demands a trial by jury of all claims that may be tried to a jury.

WHEREFORE, Plaintiff respectfully prays that this Court enter judgment for him, and against Defendants, as follows:

1. For back pay, in the amount to be proved at trial;

2. For reinstatement of the plaintiff in his last managerial position, or a comparable position, with attendant rights and privileges, and if such reinstatement be found not to be feasible, or equitable, to an award of front pay.

3. For actual and punitive damages;

4. For prejudgment interest, for all amounts awarded as prayed herein.

5. For liquidated damages, in an amount of equal to the sum of the back pay and front pay awards, for the Defendant's willful violation of the Age Discrimination in Employment Act.

6. For the Plaintiff's costs, and reasonable attorney's fee, pursuant to all applicable provisions of law, and for such other and further relief as to the Court appears proper, just and equitable.

BY: s/ Allan R. Holmes
Allan R. Holmes (Fed ID # 1925)
Timothy O. Lewis (Fed ID#
GIBBS & HOLMES
171 Church Street, Suite 110
Charleston, SC 29402
(843) 722-0033
Federal Court ID #2087

February 13, 2014 ATTORNEYS FOR PLAINTIFF